UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD THOMAS KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL GREENSTEIN, et al.,<br><br>Defendants. | CIVIL ACTION NO. 1:19-CV-00110<br><br>(JONES, J.)<br>(MEHALCHICK, M.J.) |

## MEMORANDUM

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Edward Thomas Kennedy ("Kennedy") initiated this action on January 18, 2019, with the filing of a complaint. (Doc. 1). On February 10, 2019 Kennedy filed an amended complaint, wherein he "amend[ed] by entire substitution the action filed as Plaintiff's Original Complaint…." (Doc. 10 at 2 ¶ 1).[1] In his amended complaint, Kennedy names as Defendants the United States, the United States Department of Education, Daniel Greenstein and Thomas Wasserman Wolf, both in their individual and official capacities, the Pennsylvania State System of Higher Education ("PSSHE"), the Association of Pennsylvania State College and University Facilities ("APSCUF"), and Clifton Allen Larsen LLP. (Doc. 10 at 2 ¶ 2).

---

[1] When the court undertakes its statutory screening function under 28 U.S.C. § 1915(e)(2), the plaintiff may amend his complaint once as a matter of course. *See Grezak v. Ropes & Gray LLP*, Civil Action No. 3:15-2111, 2018 WL 4282780, *2 (M.D. Pa. September 7, 2018) (citing Fed. R. Civ. P. 15(a)).

Kennedy asserts various claims, including "trespass on the case, Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961-1968 claims, trespass on the case – vicarious liability, failure to provide a republican form of government and privacy violations, intentional infliction of emotional distress ("IIED"), and negligence…" (Doc. 10 at 2 ¶ 2).

The crux of Kennedy's complaint seems to center around Kutztown University's denial of his application to their graduate-level business school. (Doc. 10 at 5 ¶ 7-f); (Doc. 10 at 6 ¶ 8); (Doc. 10 at 9 ¶ 34); (Doc. 10 at 11 ¶ 46). Kennedy's first cause of action details his request for letters of recommendation made to his "KU teachers, Arthur Garrison and John Lizza… (but the teachers) failed to comply with their silence." (Doc. 10 at 5 ¶ 8). Kennedy then alleges that "each defendant acted to deprive Kennedy of his liberty", "acted or failed to act as obligated", and also that "[e]ach defendant acted in concert with the remaining defendants to affect the unlawful loss of liberty of Kennedy…. (by means of denying his) access to higher education."[2] (Doc. 10 at 5 ¶ 10; 13); (Doc. 10 at 6 ¶ 14). Kennedy reiterates negligence, presenting the claim in largely the same way, in the sixth cause of action.[3] (Doc. 10 at 9).

---

[2] Kennedy also asserts that defendant "Greenstein lied for Kennedy's application for admission to the KU MBA graduate school." (Doc. 10 at 5 ¶ 7-f).

[3] Kennedy avers that he was "denied admissions to higher education by defendants" and then lists the elements of negligence: duty, breach, causation, and damages. (Doc. 10 at 9 ¶ 35-36).

Kennedy's second cause of action purportedly arises under RICO. (Doc. 10 at 6). The RICO complaint appears to stem from PSSHE's and APSCUF's "use of alternative metrics to avoid generally accepted accounting principals (GAAP), with intentions to commit financial fraud… for personal economic and private gain, evidenced by their participation in Commonwealth of Pennsylvania pension benefits" and misinforming and filing "fake financial records on government websites, supported by self-authenticating digital evidence under Rule 902." (Doc. 10 at 4 ¶ 7-c-d); (Doc. 10 at 7 ¶ 18-b).

Kennedy's third cause of action is "trespass on the case – vicarious liability." (Doc. 10 at 7). After some allegations of vicarious liability. (Doc. 10 at 7 ¶ 21-22), Kennedy asserts that each defendant "must be in the business of controlling, leasing, bailing or licensing the actors… each defendant is an agent of the other, and each has his place in the chain of exposing plaintiff Kennedy to the actors." (Doc. 10 at 8 ¶ 22). Kennedy concludes this cause of action with a reminder that "[t]he damages claimed are all a result of the injuries." (Doc. 10 at 8 ¶ 33).

Kennedy's fourth cause of action alleges a "failure to provide a Republican form of government and privacy violations." (Doc. 10 at 8). In support of this cause of action, Kennedy "wishes Defendants United States, Wolf, and Greenstein to not breach their fiduciary duty to Kennedy. Kennedy further wishes Defendant Wolf and Greenstein to not breach their oaths of office." (Doc. 10 at 8 ¶ 25). Kennedy cites Article 4, Section 4 of the Federal Constitution, for the proposition that the Constitution guarantees every state a republican form of government. (Doc. 10 at 8 ¶ 26).

Finally, in his fifth cause of action, Kennedy merely lists the elements of IIED and asserts all elements are met. (Doc. 10 at 9).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, a court must accept as true all allegations in the complaint and all reasonable

4

inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In deciding a Rule 12(b)(6) motion, the court may also consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the Third

Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

Fed. R. Civ. P. 8(a).[4]

Additionally, "the statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests." *Bayer v. Pocono Med. Ctr.,* No. CIV.A. 3:13-1900, 2014 WL 3670499, at *4 (M.D. Pa. July 23, 2014) (citing *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

#### A. RICO CLAIM[5]

One basis for Kennedy's RICO claim is that the "County of Lehigh, an organized criminal enterprise, and a transitional criminal organization, pursued financial fraud evidenced herein from the official public record." (Doc. 10 at 7 ¶ 18 n. 9). Kennedy also asserts

---

[4] Fed. R. Civ. P. 8 is fertile ground for the court's consideration pursuant to its 1915A screening function. *See Johnson v. Roskosci*, No. 3:15-CV-1232, 2017 WL 3158759, *2-3 (M.D. Pa. July 25, 2017).

[5] Kennedy cites 18 U.S.C. § 1961-1968 for his RICO cause of action. RICO's private cause of action lies in § 1962. *See RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090, 2097 (2016).

6

that "Defendant PSSHE has systematically and continuously, over the last ten (10) years and more, conducted a corrupt enterprise in violation of… RICO… all of which acts are continuing in nature." (Doc. 10 at 7 ¶ 18-a). PSSHE's purported RICO violations included misstating, misinforming and filing fake financial records on government websites. (Doc. 10 at 7 ¶ 18-b). Kennedy also asserts at various points of his complaint that both PSSHE and APSCUF intended to commit fraud. *See, e.g.*, (Doc. 10 at 4 ¶ 7).

"In order to plead a [civil] violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity requires at least two predicate acts of racketeering." *Lum v. Bank of America*, 361 F. 3d 217, 223-24 (3d Cir. 2004). Allegations of fraud must meet the heightened pleading requirement of Fed. R. Civ. P. 9(b). *Grant v. Turner*, 505 F. App'x 107, 111 (3d Cir. 2012).[6] Here, Kennedy states a conclusion, that PSSHE violated the RICO statute by conducting a corrupt enterprise. Kennedy does not provide any facts which shed light on which financial records were fraudulent, what the financial fraud concerns, or any detail regarding the corrupt enterprise purportedly executed by PSSHE or APSCUF.[7] As such, this claim fails.

---

[6] *See also Bolick v. Northeast Indus. Services Corp.*, No. 4:14-CV-00409, 2015 WL 13357964, *10 (M.D. Pa. January 14, 2015) ("allegations of [RICO] predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent") (citations omitted).

[7] Kennedy does not name Lehigh County as a defendant, only mentioning Lehigh County in one footnote across his thirty-page complaint.

B. Failure to Provide a Republican Form of Government

In his fourth cause of action, Kennedy cites the Federal Constitution for the proposition that every state must have a republican form of government. Kennedy also mentions Defendants United States, Wolf, and Greenstein and suggests they are breaching their fiduciary duty to Kennedy. Liberally construing the complaint, it appears that Kennedy is attempting to bring suit against Wolf, as governor of Pennsylvania, alleging that the state fails to adhere to a republican form of government.[8]

"The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence." U.S. Const. art. 4, § 4 ("Guarantee Clause"). The Court may decline to express opinions which involve political rights and political questions, such as actions based on the Guarantee Clause. *See Luther v. Borden*, 48 U.S. 1, 46-47 (1849).[9] A claim based on the

---

[8] On at least two other occasions, Kennedy appealed to the Third Circuit regarding dismissal of his suits which sought relief for, among other things, Pennsylvania's failure to provide a republican form of government. *See Kennedy v. Commonwealth*, 745 F. App'x 473, 474-75 (3d Cir. 2018) (mem.) (dismissing suit because Commonwealth of Pennsylvania entitled to Eleventh Amendment Immunity for claims under § 1983). *See also Kennedy v. Getz*, No. 18-2949, 2018 WL 6695314, *1-2 (3d Cir. December 19, 2018) (upholding district court's dismissal of Kennedy's complaint as malicious because Kennedy sued the same defendant multiple times in connection with 2017 arrests). Here, Kennedy neither brings his claim pursuant to § 1983 nor in connection with his 2017 arrest. Therefore, the Court cannot dispose of the instant suit on these grounds.

[9] "And while (the Court) should always be ready to meet any question confided to it by the Constitution, it is equally its duty not to pass beyond its appropriate sphere of action, and to take care not to involve itself in discussions which properly belong to other forums." *Luther*, 48 U.S. at 47.

8

Guarantee Clause must be "[d]ismissed for want of jurisdiction"; *Luther v. Borden*, is "the leading and absolutely controlling case." *Pacific States Telephone & Telegraph Co. v. State of Oregon*, 223 U.S. 118, 143; 151 (1912). *See also* Ryan C. Williams, *The "Guarantee Clause"*, 132 Harv. L. Rev. 602, 604-06 (acknowledging that the Supreme Court has long since foreclosed judicial intervention on the basis of the Guarantee Clause as presenting a political question, citing *Luther*, 48 U.S. at 46-47, but discussing *Kerr v. Hickenlooper*, 744 F.3d 1156 (10th Cir. 2014), (*vacated on alternate grounds*, 135 S. Ct. 2927 (2015) (mem.)) where the Tenth Circuit "concluded that the political question doctrine posed no obstacle to federal adjudication of a claim that a state constitutional amendment adopted through a voter initiative process conflicted with the constitutional guarantee of a 'Republican Form of Government'"). It appears that Kennedy bases this claim against Pennsylvania squarely upon the Guarantee Clause, and such a claim fails for lack of jurisdiction.

C. REMAINING STATE LAW CLAIMS

Kennedy's remaining state law claims – those sounding in negligence, trespass of the case, and intentional infliction of emotional distress – fail as Kennedy does not provide any facts or identify Defendants or actions by Defendants which support those claims. *See Walsh v. Lynett Family*, 2016 WL 4015041, *2 n.1 (M.D. Pa. July 27, 2016) (dismissing plaintiff's claim without discussion where plaintiff "recites the names of alleged causes of action… without any further explanation or development of facts or elements to support such causes of action" (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009)).

IV. LEAVE TO AMEND

The Third Circuit has instructed that district courts generally must permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim. *Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). However, "[a] district court properly refuses leave to amend if an amendment would be 'inequitable or futile.'" *Kitko v. Young*, 575 F. App'x 21, 27 (3d Cir. 2014) (quoting *Grayson*, 293 F.3d at 108), *cert. denied*, 135 S. Ct. 1403 (2015).[10] As the complaint in its current form does not clearly set forth any claims against the Defendants, dismissal is warranted. However, to preserve Kennedy's rights as a *pro se* litigant, the Court will allow him to file a single, unified complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by the Defendants.

The amended complaint must be a pleading that **stands by itself without reference to the original complaint**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must also establish the existence of specific actions taken by the Defendants which have resulted in identifiable claims. Further, the amended complaint must: provide a "short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1); contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); include "a demand for the relief sought," Fed. R. Civ. P. 8(a)(3); set forth averments that are "simple, concise, and direct," Fed. R. Civ. P.

---

[10] The Court notes that Kennedy has filed over forty lawsuits in the past fifteen months in various federal courts. https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=ca4848762ad247f387cb1050e40ab018. The Court further notes that these are the type of "extreme circumstances" where a court could consider denying *in forma pauperis* status, despite Kennedy's indigency, or may dictate denial of leave to amend the complaint. *See Aruanno v. Davis*, 679 F. App'x 213, 215 (3d Cir. 2017); *Unum v. Expert Witness*, Civil Action No. 3:14-2332, 2015 WL 136384, *2 (M.D. Pa. January 7, 2015) (citations omitted).

8(d)(1); and state such averments in separately numbered paragraphs describing the date and time of the events alleged and identifying wherever possible the participants in the acts about which he complains. It should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred, albeit vaguely, in the original complaint. **<u>Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.</u>**

### V. MOTION TO COMPEL

Finally, pending before the Court is a motion to compel service of process. Based upon its initial screening of the complaint, and the grant of leave to amend, the Court denies the motion to compel (Doc. 8) as MOOT.

### VI. CONCLUSION

Based on the foregoing, the Court finds that Kennedy's amended complaint (doc. 10) fails to state a claim upon which relief may be granted. Kennedy is directed to file an amended complaint within thirty days of the date of the Order accompanying this Memorandum.

An appropriate Order follows.

Dated: March 13, 2019

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**