IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | 1:19-cv-110 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DANIEL GREENSTEIN *et al.,* | : | Hon. Karoline Mehalchick |
| | : | |
| Defendant. | : | |

## **ORDER**

**June 20, 2019**

**AND NOW**, upon consideration of the Report and Recommendation (Doc.

16) of  United States Magistrate Judge Karoline Mehalchick recommending that

this matter be dismissed due to Plaintiff's failure to timely file an amended

complaint, and further finding that dismissal is warranted pursuant to an analysis

under the factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d

863 (3d Cir. 1984),  and the Court noting the Plaintiff has not filed objections[1] to

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa.

Case 1:19-cv-00110-JEJ   Document 17   Filed 06/20/19   Page 2 of 2

the instant report, and thus further noting that there is no clear error on the record,

*see Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to

timely object to [a report and recommendation] in a civil proceeding may result in

forfeiture of *de novo* review at the district court level") and the Court finding Judge

Mehalchick's analysis to be thorough, well-reasoned, and fully supported by the

record **IT IS HEREBY ORDERED THAT:**

1.      The Report and Recommendation (Doc. 16) of Magistrate Judge

        Mehalchick is **ADOPTED** in its entirety.

2.      This matter is **DISMISSED**.

3.      The Clerk of Court is directed to **CLOSE** the file on this case.


                         s/ John E. Jones III
                         John E. Jones III
                         United States District Judge

---

1998) (holding that the court's review is limited to ascertaining whether there is "clear error on
the face of the record"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that
the court will review the report and recommendation for "clear error").  The Court has reviewed
the magistrate judge's report and recommendation in accordance with this Third Circuit
directive.